IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEXTER DENARD WRIGHT, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2721-G-BN |
| | § | |
| FREEDOM MORTGAGE | § | |
| CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On October 29, 2024, Plaintiff Dexter Denard Wright, Sr. paid the filing fee to initiate this *pro se* lawsuit in the Fort Worth Division of this district seeking a temporary restraining order ("TRO") and preliminary injunction to prevent the non-judicial foreclosure sale of property located in Midlothian, Texas (in Ellis County) scheduled for November 5, 2024. *See* Dkt. No. 1.

Wright's action was ordered transferred to the Dallas Division of this district under 28 U.S.C. § 1404(a). *See* Dkt. No. 4; 28 U.S.C. § 124(a)(1).

Senior United States District Judge A. Joe Fish then referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny a TRO and preliminary injunction.

## Discussion

To start, insofar as Wright seeks a TRO, requesting entry of a TRO prior to

service implicates Federal Rule of Civil Procedure 65(b)(1).

That is, Wright may not obtain a TRO absent notice to the defendants without complying with Rule 65(b)(1).

And that Wright has not shown compliance with that rule is reason alone to deny a TRO. *See Breitling v. LNV Corp.*, No. 3:14-cv-3322-M, 2014 WL 5510857, at *1 (N.D. Tex. Oct. 28, 2014) (Rule 65(b)(1) "permits this Court to issue a temporary restraining order only if 'specific facts *in an affidavit or a verified complaint* clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney [or *pro se* movant] certifies in writing any efforts made to give notice and the reasons why it should not be required.'" (emphasis in original; quoting FED. R. CIV. P. 65(b)(1); further observing that, "[p]ursuant to Local Rule 83.14, '[p]ro se parties must read and follow the local civil rules of this court and the Federal Rules of Civil Procedure'")).

But, even if the Court clears this out-of-the-blocks procedural hurdle for Wright, there still is no showing that Wright is entitled to either a TRO or a preliminary injunction.

As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up).

But granting a preliminary injunction "is an extraordinary remedy which

requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

And, so, to obtain preliminary injunctive relief, a movant must unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

And the United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

Considering these legal standards, the request for a TRO and preliminary injunction should be denied.

Wright asserts violations of the Truth in Lending Act ("TILA"), for "failing to provide necessary disclosures regarding the loan and failing to comply with required period prior to foreclosures," and the Texas Property Code, for failing "to provide proper notice and follow required procedures," and brings claims for quiet title, declaratory judgment, and recession of a contract. Dkt. No. 1 at 2.

But Wright's complaint offers mere legal conclusions and lacks the factual development necessary to determine whether the claims alleged are even plausible under the pleading standards, much less that those allegations unequivocally demonstrate a substantial likelihood that Wright will prevail on the merits.

A *pro se* complaint need not contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

But, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of

further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

For example, focusing just on the TILA claim, the alleged violation of federal law allowing for the Court's jurisdiction over this lawsuit under 28 U.S.C. § 1331, *see* Dkt. No. 1 at 1, Wright alleges a lack of "necessary disclosures regarding the loan," *id.* at 2, but then fails to specify the disclosures (if any) that were inaccurate or misleading or to specify what information should have been disclosed (but was not) – which is necessary to plead a plausible TILA violation. *See Val-Com Acquisitions Tr. v. Bank of Am., N.A.*, No. 3:10-cv-1965-M, 2011 WL 2312284, at *3 (N.D. Tex. June 9, 2011) ("[T]he Plaintiffs' claims fail under Rule 8. Plaintiffs do not state a single fact in their Amended Complaint about what TILA disclosures were not made by AWL, BOA, or BAC, or through what actions procedures were violated."); *Mims v. Capital One Auto Fin.*, No. 3:23-cv-1567-S-BN,  2024 WL 758928, at *7 (N.D. Tex. Jan. 25, 2024) ("Starting with the TILA claims, Mims alleges specific violations of Sections 1605 and 1611 and generally that Defendants '[f]ailed to provide all required TILA disclosures and accurately disclose finance change, preventing me from making an informed decision.' [But s]uch general allegations fail to 'allege any facts stating which disclosure requirements [Defendants] violated, or when, or how the violations occurred,' and a 'conclusory statement, devoid of any factual allegations, is insufficient to support a claim or survive a motion to dismiss.'" (quoting *Walker v. U.S. Bank*, No. 3:21-cv-758-L, 2021 WL 5701498, at *3 (N.D. Tex. Nov. 1, 2021), *rec. accepted*, 2021 WL 5630922 (N.D. Tex. Nov. 30, 2021))), *rec. accepted*, 2024 WL

758536 (N.D. Tex. Feb. 2, 2024).

## Recommendation

The Court should deny the request for a temporary restraining order and preliminary injunction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 31, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE